UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>RAMON GUADALUPE SOBERANES-FIERRO,<br><br>    Defendant/Petitioner. | Civil No. 10-CV-2455-JLS<br>Criminal No. 08-CR-1345-JLS<br><br>**ORDER:**<br><br>**1) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; and**<br><br>**2) DENYING CERTIFICATE OF APPEALABILITY** |

Currently pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court has reviewed the record in this case and, for the reasons set forth below, will deny Petitioner's motion.

**BACKGROUND**

Petitioner Ramon Guadalupe Soberanes-Fierro was charged in a single-count information with importation of cocaine weighing 5 kilograms or more in violation of 21 U.S.C. §§ 952 and 960. On May 22, 2008, Petitioner entered a plea agreement and pled guilty to the information.[1]

---

[1] Although the plea agreement contained a provision waiving appeal and collateral attack, the language of similar waiver provisions has been held to be ambiguous and insufficient to waive the right to appeal a question regarding the applicability of a mandatory minimum sentence. *See United States v. Yepez*, __ F.3d __, 2011 WL 29887744, n.3 (9th Cir. July 25,

The plea agreement recognized that Petitioner was subject to a mandatory minimum sentence, but recommended a safety valve departure, if applicable. On December 3, 2011, an evidentiary hearing was held with respect to Petitioner's safety valve eligibility. This Court determined that Petitioner failed to make a showing that he provided the Government with complete information concerning his offense by the time of the sentencing hearing and thus, failed to establish his eligibility for safety valve relief. Petitioner was then sentenced to the mandatory minimum term of 120 months' imprisonment.

Defendant filed an appeal of this Court's determination and, on October 28, 2010, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Petitioner's sentence. The mandate was issued on November 19, 2010 and Petitioner filed the instant motion under 18 U.S.C. § 2255 on November 30, 2010.[2]

**ANALYSIS**

Petitioner contends that the mandatory minimum sentence imposed by this Court is illegal because this Court failed to make necessary findings of fact and erred in denying Petitioner safety valve relief.[3] Petitioner contends that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), requires that certain provisions of 18 U.S.C. § 3553(f), the safety valve statute, be severed. Specifically, Defendant contends that the Court is required to reconsider his eligibility for safety valve relief without reference to 18 U.S.C. § 3553(f)(1) and (f)(4).

///

---

2011). Thus, because Petitioner's § 2255 motion is premised on the argument that certain provisions of 18 U.S.C. § 3553(f) should not have been applied, the Court concludes that plea agreement waiver provision does not bar the instant collateral attack.

[2] Petitioner devotes a portion of his motion to a discussion regarding its delayed filing. However, the motion was filed only 10 days after his conviction became final and thus is timely. 28 U.S.C. § 2255(f)(1).

[3] Petitioner also contends, without specificity, that his sentence was unreasonable and that the Court erred in granting an upward departure under 4A1.3. These contentions merit little discussion. The Court was required to impose the statutorily mandated minimum sentence, even if the mandatory minimum exceeded the sentence the court considered to be reasonable. *United States v. Washington*, 462 F.3d 1124, 1140 (9th Cir. 2006). Furthermore, the Court did not grant an upward departure under U.S.S.G. § 4A1.3.

18 U.S.C. § 3553(f) provides:

**(f) Limitation on applicability of statutory minimums in certain cases.**
--Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Petitioner's contention that portions of 18 U.S.C. § 3553(f) are no longer applicable in light of the Supreme Court's holding in *Booker* is foreclosed by *United States v. Cardenas-Juarez*, 469 F.3d 1331, 1335 (9th Cir. 2006) ("We now hold that the safety valve statute, 18 U.S.C. § 3553(f), survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sentencing Guidelines.") Furthermore, even if the Court were to reconsider Petitioner's sentence without reference to sections 3553(f)(1) and (f)(4) as urged, it would be of no avail to Petitioner. Petitioner was rendered ineligible for safety valve relief by virtue of section (f)(5) of the statute, his failure to truthfully provide the Government all information and evidence regarding the offense. Finally, Defendant's assertion that the Court failed to make necessary findings of fact regarding his eligibility for safety valve relief is belied by the record. Doc. No. 37 (Transcript of Sentencing).

# CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED**.

DATED: September 30, 2011

Honorable Janis L. Sammartino
United States District Judge